The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner with some minor modifications and additions. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 *********** EVIDENTIARY RULING
Deputy Commissioner Bost correctly sustained defendant's objection to and refused to allow admission of evidence as to the gender ratio of the defendant's employees working at the time of the incident giving rise to plaintiff's claim on the grounds that such evidence was not relevant and not material to matters at issue in this case.
 ***********
Accordingly, the Full Commission, based upon the competent, credible, and convincing evidence adduced at the initial hearing, make the following
 FINDINGS OF FACT
1. Plaintiff is a high school graduate who began working for the defendant-employer at their Asheville location in January 1995 as an LPN. Prior to that time, she had lived in eastern Tennessee and had experience as a clerk, security guard, and in the health care field at hospitals, nursing homes (Erwin Health Care in Erwin, Tennessee) and as a home health nurse. (Ex. 6).
2. Plaintiff was hired by defendant as a licensed practical nurse working 3:00 p.m. until 11:00 p.m., or until such time as plaintiff's duties were complete.
3. On May 26, 1995, at approximately 11:30 p.m., plaintiff and a co-worker had finished their work shift and were in the process of leaving the defendant's premises.
4. The two left the defendant's building through a designated entryway leading to the defendant's parking lot so that they could go to their respective vehicles. This was the only door to the facility open to the public and staff at that hour of the evening.
5. Just outside the doorway, plaintiff's co-worker stopped briefly to light a cigarette. There is no evidence that plaintiff unreasonably delayed in leaving her place of work. At approximately the same time, a vehicle pulled up to the entrance and an unidentified man got out of the car and approached plaintiff and her co-worker. This unidentified individual engaged plaintiff in some brief conversation and the plaintiff, assuming the individual was a visitor to the facility, politely responded.
6. Suddenly, the man grabbed the strap of plaintiff's purse and tried to take it from her. Plaintiff instinctively held on to her purse, causing the assailant to pull even harder. During the assault, plaintiff was pulled forward and onto the ground. She was dragged on the ground a short distance toward the assailant's car. Plaintiff released her grip on the purse, and the bag pulled free from her arm. The assailant and his accomplice(s) fled the defendant's parking lot. Plaintiff did not know her assailant, nor is there any reason to believe she was a specific target of attack.
7. The defendant's facility is located on Victoria Road in Asheville in the general area of Memorial Mission Hospital. There are other buildings in closer proximity to the defendant which are predominantly used as professional offices. At the time of plaintiff's assault, these businesses had completed their work day and their parking lots were empty.
8. At the time of plaintiff's assault, it was dark, and defendant's parking lot was dimly lit. The parking lot was bordered by thick shrubbery and vegetation. Defendant had no security personnel on staff to patrol the parking lot and grounds. Access to the parking lot was not restricted.
9. Following the assault, the Asheville Police Department was contacted and a supervisor for defendant completed an "Account Information" form. The Account Information form indicated that plaintiff suffered bruises and abrasions. Plaintiff further stated at the initial hearing that shortly after the assault, she began to experience pain in her back, neck, arms and legs.
 ***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the credible or convincing evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant-employer on May 26, 1995 or that she sustained a specific traumatic incident of the work assigned on May 26, 1995 N.C. Gen. Stat. § 97-2(6).
2. Assaults to employees do not arise out of the employment unless it can be said that there was a peculiar risk to the employee or the injury can otherwise be fairly traced to the employment as 292 N.C. 399 (1977). Even though plaintiff a contributing proximate cause. Gallimore v. Marilyn's Shoes,292 N.C. 399, 233 S.E.2d 529 (1977). Even though plaintiff was in the employer's parking lot at the time of the assault, there is insufficient convincing evidence for the undersigned to be able to conclude that the assault arose out of her employment with the employer. The mere time of day, or the fact that plaintiff is female and may work with females, does not convincingly prove that her risk of assault was any greater than that of the general public. The undersigned therefore reach the conclusion that the credible, convincing evidence shows that the risk of assault on this employee was essentially one common to the neighborhood and was not peculiar to or affected by her employment. Gallimore, Id
at 405.
3. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is, DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the 27th day of January 1998.
 S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws